**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>CROWNE ARCHITECTURAL SYSTEMS, INC.,<br><br>Debtor. | Chapter 7<br>Bankr. Case No. 17-13404-SLM |
| CHRISTOPHER PRIMAVERA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CROWNE ARCHITECTURAL SYSTEMS, INC.,<br><br>Defendant. | **Adv. Pro. No. _____ - _____** |

**CLASS ACTION ADVERSARY PROCEEDING COMPLAINT FOR (1) VIOLATION OF WARN ACT 29 U.S.C. § 2101, *ET SEQ*. AND (2) VIOLATION OF NEW JERSEY MILLVILLE DALLAS AIRMOTIVE PLANT JOB LOSS NOTIFICATION ACT**

Plaintiff Christopher Primavera ("Plaintiff") alleges on behalf of himself and a putative class of similarly situated former employees of Crowne Architectural Systems, Inc., ("Debtor" or "Defendant") by way of this Class Action Adversary Proceeding Complaint against Defendant as follows:

**NATURE OF THE ACTION**

1.      Plaintiff brings this action on behalf of himself and other similarly situated former employees who worked for Defendant and who were terminated without cause, as part of, or as the result of, the mass layoff or plant closing carried out by Defendant on or about February 16, 2017, and who were not provided 60 days advance written notice of their terminations by Defendant, as required by the Worker Adjustment and Retraining Notification Act ("WARN

Act"), 29 U.S.C. § 2101 *et seq.*, and the New Jersey Millville Dallas Airmotive Plant Job Loss

Notification Act, PL. 2007, c.212, C.34:21-2 ("New Jersey WARN Act") (collectively, the

"WARN Acts").

2.      Plaintiff was terminated along with approximately 200 other similarly situated

employees as part of, or as the foreseeable result of, a mass layoff or plant closing ordered by

Defendant.  These terminations failed to give Plaintiff and other similarly situated employees of

Defendant at least 60 days' advance notice of termination, as required by the WARN Acts.  As a

consequence of such a WARN Act violation, Plaintiff and other similarly situated employees of

Defendant seek their statutory remedies.

3.      Plaintiff and all similarly situated employees seek to recover 60 days wages and

benefits, pursuant to the federal WARN Act, and lost wages including severance pay equal to

one week of pay for each full year of employment, under the New Jersey WARN Act, from

Defendant.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334,

1367 and 29 U.S.C. § 2104(a)(5).

5.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

6.      Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

*Plaintiff*

7.      Plaintiff worked as a Fabrication Manager at Defendant's location at 4001 Dell

Avenue, North Bergen, New Jersey (the "North Bergen Facility") and held the position until his

termination on February 16, 2017.

8.      On or about February 16, 2017, Defendant informed Plaintiff that he was being terminated that day.

9.      Prior to his termination on February 16, 2017, Plaintiff received no written notice that his job might be eliminated.

10.     Along with Plaintiff, approximately 200 other employees of Defendant were also terminated on February 16, 2017.

11.     Upon information and belief, none of the terminated employees received any written notice of termination prior to February 16, 2017.

*Defendant*

12.     Upon information and belief, Defendant Crowne Architectural Systems, Inc., is a New Jersey corporation with its principal place of business located at 4001 Dell Avenue, North Bergen, New Jersey (the "North Bergen Facility").

13.     Upon information and belief at all relevant times, Defendant owned, maintained and operated its corporate headquarters at the North Bergen Facility.

14.     Upon information and belief, on February 16, 2017, Defendant terminated approximately 200 employees who worked at or reported to the North Bergen Facility.

15.     Until his termination by Defendant, Plaintiff and the other similarly situated persons were employees of Defendant worked at, were based out of, received assignments from, or reported to the North Bergen Facility.

16.     On February 22, 2017, Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code.

**FEDERAL WARN ACT CLASS ALLEGATIONS**

17.     Plaintiff brings this Claim for Relief for violation of 29 U.S.C. § 2101 *et seq*., on

behalf of himself and on behalf of all other similarly situated former employees, pursuant to 29

U.S.C. § 2104(a)(5) and Fed. R. Civ P. 23(a), who worked at, were based out of, received

assignments from, or reported to the North Bergen Facility and were terminated without cause

beginning on or about February 16, 2017, and within 30 days of that date, or were terminated

without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant

closings ordered by Defendant on or about February 16, 2017 and who are affected employees,

within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

18.     The persons in the WARN Class identified above ("WARN Class Members") are

so numerous that joinder of all members is impracticable.  Although the precise number of such

persons is unknown, the facts on which the calculation of that number can be based are presently

within the sole control of Defendant.

19.     Upon information and belief, Defendant employed more than 100 full-time

employees who worked at or reported to the North Bergen Facility.

20.     On information and belief, the identity of the members of the class and the recent

residence address of each of the WARN Class Members is contained in the books and records of

Defendant.

21.     On information and belief, the rate of pay and benefits that were being paid by

Defendant to each WARN Class Member at the time of his/her termination is contained in the

books and records of Defendant.

22.     Common questions of law and fact exist as to members of the WARN Class,

including, but not limited to, the following:

(a)    whether the members of the WARN Class were employees of the

Defendant who worked at, were based out of, received assignments from, or reported to the

North Bergen Facility;

(b)    whether Defendant unlawfully terminated the employment of the members

of the WARN Class without cause on their part and without giving them 60 days advance written

notice in violation of the WARN Act; and

(c)    whether Defendant unlawfully failed to pay the WARN Class members 60

days wages and benefits as required by the WARN Act.

23.    Plaintiff's claims are typical of those of the WARN Class.  Plaintiff, like other

WARN Class members, worked at, were based out of, received assignments from, or reported to

the North Bergen Facility and was terminated beginning on or about February 16, 2017, due to

the mass layoff and/or plant closing ordered by Defendant.

24.    Plaintiff will fairly and adequately protect the interests of the WARN Class.

Plaintiff has retained counsel competent and experienced in complex class actions, including the

WARN Act and employment litigation.

25.    On or about February 16, 2017, Plaintiff was terminated by Defendant.  This

termination is part of a mass layoff or a plant closing as defined by 29 U.S.C. § 2101(a)(2), (3),

for which he was entitled to receive 60 days advance written notice under the WARN Act.

26.     Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3)

because questions of law and fact common to the WARN Class predominate over any questions

affecting only individual members of the WARN Class, and because a class action is superior to

other available methods for the fair and efficient adjudication of this litigation – particularly in

the context of WARN Act litigation, where individual plaintiffs may lack the financial resources

to vigorously prosecute a lawsuit in federal court against a corporate Defendant, and damages

suffered by individual WARN Class members are small compared to the expense and burden of

individual prosecution of this litigation.

27.     Concentrating all the potential litigation concerning the WARN Act rights of the

members of the Class in this Court will obviate the need for unduly duplicative litigation that

might result in inconsistent judgments, will conserve the judicial resources and the resources of

the parties and is the most efficient means of resolving the WARN Act rights of all the members

of the Class.

28.     Plaintiff intends to send notice to all members of the WARN Class to the extent

required by Rule 23.

29.     The relief sought in this proceeding is equitable in nature.

**<u>NEW JERSEY WARN ACT CLASS ALLEGATIONS</u>**

30.     Plaintiff realleges and incorporates by reference all allegations in all preceding

paragraphs.

31.     Plaintiff brings the New Jersey WARN Act claim for violation of the New Jersey

Millville Dallas Airmotive Plant Job Loss Notification Act, PL. 2007, c.212, C.34:21-2 ("New

Jersey WARN Act") on behalf of a class of similarly situated persons pursuant the New Jersey

WARN Act and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported

to the North Bergen Facility and were terminated without cause on or about February 16, 2017

(the "New Jersey WARN Class").

32.    The persons in the New Jersey WARN Class identified above ("New Jersey

WARN Class Members") are so numerous that joinder of all members is impracticable.

Although the precise number of such persons is unknown, the facts on which the calculation of

that number can be based are presently within the sole control of Defendant.

33.    On information and belief, the identity of the members of the class and the recent

residence address of each of the New Jersey WARN Class Members is contained in Defendant's

books and records.

34.    On information and belief, the rate of pay and benefits that were being paid by

Defendant to each New Jersey WARN Class Member at the time of his/her termination is

contained in the books and records of the Defendant.

35.    Common questions of law and fact exist as to members of the New Jersey WARN

Class, including, but not limited to, the following:

(a)    whether the members of the New Jersey WARN Class were employees of

the Defendant;

(b)    whether Defendant unlawfully terminated the employment of the members

of the New Jersey WARN Class without cause on their part and without giving them 60 days

advance written notice in violation of the New Jersey WARN Act; and

(c)    whether Defendant unlawfully failed to pay the New Jersey WARN Class

members severance pay equal to one week of pay for each full year of employment as required

by the New Jersey WARN Act.

36.     Plaintiff's claims are typical of those of the New Jersey WARN Class. Plaintiff, like other New Jersey WARN Class members, worked at or reported to the North Bergen Facility and was terminated on or about February 16, 2017, due to the terminations ordered by Defendant.

37.     Plaintiff will fairly and adequately protect the interests of the New Jersey WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions on behalf of employees, including the New Jersey WARN Act, the federal WARN Act, other similar state laws, and employment litigation.

38.     Class certification of these Claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New Jersey WARN Class predominate over any questions affecting only individual members of the New Jersey WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of New Jersey WARN Class Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual New Jersey WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

39.     Concentrating all the potential litigation concerning the New Jersey WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the New Jersey WARN Act rights of all the members of the Class.

40.    Plaintiff intends to send notice to all members of the New Jersey WARN Class to the extent required by Rule 23.

## CLAIMS FOR RELIEF

### Violation of the Federal WARN Act

41.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

42.    At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

43.    At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a)(3), and continued to operate as a business until it decided to order mass layoffs or plant closings at the North Bergen Facility.

44.    Beginning on or about February 16, 2017, Defendant ordered a mass layoff and/or plant closing at the North Bergen Facility, as those terms are defined by 29 U.S.C. § 210l(a)(2) and 20 C.F.R. § 639.3(i).

45.    The mass layoff or plant closing at the North Bergen Facility resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees as well as thirty-three percent (33%) of Defendant's workforce at the North Bergen Facility, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

46.    Plaintiff and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendant at the North Bergen Facility.

47.     Plaintiff and the Class Members are "affected employees" of Defendant, within

the meaning of 29 U.S.C. § 2101(a)(5).

48.     Defendant was required by the WARN Act to give Plaintiff and the Class

Members at least 60 days advance written notice of their terminations.

49.     Defendant failed to give Plaintiff and the Class members written notice that

complied with the requirements of the WARN Act.

50.     Plaintiff and each of the Class Members are "aggrieved employees" of Defendant

as that term is defined in 29 U.S.C. § 2104(a)(7).

51.     Defendant failed to pay Plaintiff and each of the Class Members their respective

wages, salary, commissions, bonuses, accrued vacation and personal time off for 60 days

following their respective terminations, and failed to make the pension and 401(k) contributions

and provide employee benefits under COBRA for 60 days from and after the dates of their

respective terminations.

## Violation of the New Jersey WARN Act

52.     Plaintiff realleges and incorporates by reference all allegations in all preceding

paragraphs.

53.     At all relevant times, Defendant was an individual or private business entity

defined as "employer" under the New Jersey WARN Act and continued to operate as a business

until they decided to terminate operations at the Establishment and/or Facilities as defined by PL.

2007, c.212, C.34:21-2.

54.     On or about February 16, 2017, the Defendant ordered a termination of operations

as defined by PL. 2007, c.212, C.34:21-2.

55.     The New Jersey WARN Class Members suffered a termination of employment as defined by PL. 2007, c.212, C.34:21-2, having been terminated by Defendant without cause on their part.

56.     Defendant was required by the New Jersey WARN Act to give the New Jersey Class Members at least 60 days advance written notice of their terminations.

57.     Defendant failed to give the New Jersey WARN Class Members written notice that complied with the requirements of the New Jersey WARN Act.

58.     Defendant failed to pay the New Jersey WARN Class Members their respective lost wages, benefits and other remuneration, including severance pay equal to one week of pay for each full year of employment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendant:

A.     Certification of this action as a class action;

B.     Designation of the Plaintiff as the Class Representative;

C.     Appointment of the undersigned attorneys as Class Counsel;

D.     An allowed wage priority claim for up to $12,850 of the federal and New Jersey WARN Act claims of Plaintiff and each of the other similarly situated former employees under 11 U.S.C. § 507(a)(4) and (5), and the remainder as a general unsecured claim, equal to the sum of: (i) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then applicable employee benefit plans had that

coverage continued for that period, all determined in accordance with the federal

WARN Act, 29 U.S.C. §2104(a)(1)(A); (ii) severance pay equal to one week of

pay for each full year of employment under the New Jersey WARN Act PL. 2007,

c.212, C.34:21-6 including any civil penalties; and

E.      Reasonable  attorneys' fees and the costs and disbursements that the Plaintiff will

incur in prosecuting this action, as authorized by the federal and New Jersey

WARN Acts; and

F.      Such other and further relief as this Court may deem just and proper.


Dated: April 14, 2017

                              Respectfully submitted,


                              By: /s/ Gail C. Lin
                                Gail C. Lin, Esquire (Bar No. 036752001)
                                Jack A. Raisner
                                René S. Roupinian
                                **OUTTEN & GOLDEN LLP**
                                685 Third Avenue, 25th Floor
                                New York, New York 10017
                                Telephone:    (212) 245-1000
                                Facsimile:    (646) 509-2060
                                E-mail:        gl@outtengolden.com
                                              jar@outtengolden.com
                                              rsr@outtengolden.com

                                *Attorneys for Plaintiff and the putative class*